UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-341 (RMU) |
| | ) | |
| **MARLON GUERRERO-ROMAN** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER

Upon consideration of the "Government's Motion To Exclude Time Under the Speedy Trial Act and Declare the Case Complex," and Defendant's Response Thereto, the Court hereby **ORDERS** that the government's motion is **GRANTED**.

1. The Court **FINDS**, pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(ii), (iv) that the ends of justice served by granting the government's motion outweigh the best interest of the public and the defendant in a speedy trial. The reason for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial is that this case is a complex case.

    This case is an international drug conspiracy case involving multiple defendants from Colombia. This case involves the extraterritorial application of United States law. The investigation of this case has occurred inside and outside the United States and has been conducted by Special Agents of the DEA and by authorities of foreign countries either working independently of or in cooperation with the DEA. The case involves evidence from various foreign countries which will require translation from Spanish into English. Many of the government's witnesses reside outside the United States. Because

       the case involves the extraterritorial application of United States law and the prosecution of an alleged Colombian drug traffickers it may present novel questions of fact or law. Accordingly, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act.

2. Pursuant to 18 U.S.C. §3161(h)(7), the Court **FINDS** that a reasonable period of delay is appropriate in this case to await the arrival of the co-defendants Alvaro Antonio Padilla-Melendez, Jose Ricardo Martinez-Rubiano and Rafael Eduardo Ruiz-Alvear, from Colombia. The extraditions of these defendants were requested by the United States government and it is anticipated that they will be extradited from Colombia. The interests of judicial economy and the public interest in having a unified trial with the co-defendant indicted in a single conspiracy case make the exclusion of time reasonable and appropriate in this case.

3. It is therefore **ORDERED** that in computing the time within which the trial must commence, the period of time from the arraignment Marlon Guerrero Roman be excluded pursuant to 18 U.S.C. §3161(h)(7) and §3161(h)(8).

**SO ORDERED**,

DATE: _____

                                              _____
                                              RICARDO M. URBINA
                                              U.S. DISTRICT JUDGE FOR
                                              THE DISTRICT OF COLUMBIA

Copies to:                                              Defendant's attorney
Attorney for Government:                    H. Heather Shaner
Patrick H. Hearn.                                  1702 S St. N.W.
Trial Attorney                                        Washington, DC 20009
Narcotics and Dangerous Drug Section    202-265-8210

U.S. Department of Justice
1400 New York Avenue, N.W.
Office 8306
Washington, D.C. 20005
(202) 305-7606