**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OCT 2 7. 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO.   05-341 (RMU) |
| ) | |
| ) | |
| MARLON GUERRERO-ROMAN ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

FINDINGS AND ORDER OF DETENTION

Upon consideration of the Government' motion to detain the defendant  without bond

pending trial pursuant to 18 U.S.C. § 3142 and the record herein, it is, this _27th_ day of

October 2006,

ORDERED, that the Government's motion is granted and that Marlon Guerrero-Roman

will be held without bond pending trial. In support of this ruling, the Court makes the following

findings:

1.  There is a presumption that the defendant  should be detained because they has been charged

by Indictment with an offense for which a maximum term of imprisonment of ten years of more

is prescribed under the Controlled Substances Act. 18 U.S.C. § 3142(e).

2.  The defendant  has no ties to the United States and his  personal characteristics support the

conclusion that he is a risk of flight if released.

3.   The defendant is a danger to the community in general as a result of his drug trafficking

activities.

4.   The defendant has not rebutted the presumption contained in the Bail Reform Act and

accordingly, no condition or combination of conditions will reasonably assure the appearance of

the defendant  at trial. See 18 U.S.C. § 3142(e).

5.     The defendant  shall be committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2).

6.     The defendant  shall be afforded reasonable opportunity for private consultation with counsel.  18 U.S.C. § 3142(i)(3).

Deborah A. Robinson
United States Magistrate Judge